
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7,20,06

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

Rita B. Doise                          Civil Action No. 07-991

versus                                Judge Tucker L. Melançon

Allstate Insurance Company         Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is plaintiff, Rita B. Doises' Motion to Remand for Lack of Jurisdictional Amount [Rec. Doc. 8]; and defendant, Allstate Insurance Company's Opposition thereto [Rec. Doc. 9]. For the following reasons, plaintiff's Motion [Rec. Doc. 8] will be DENIED.

### I. FACTS

Doise brought this action on May 2, 2007, in the 31st Judicial District Court of Louisiana, Parish of Jefferson Davis, alleging claims arising out of damage to her property and its contents located in Elton, Louisiana, by Hurricane Rita, which property was allegedly covered by an insurance policy issued by defendant [Rec. Doc. 1, attached state court petition]. Consistent with Louisiana Code of Civil Procedure Article 893, plaintiff did not pray for a specific amount of damages in her petition. She did, however, allege:

- The policy provided coverage of $82,358.00 for Petitioner's dwelling, $8,236.00 for other structures and $57,651.00 for Petitioner's personal property.
- The covered property and all contents thereof were totally destroyed by Hurricane Rita.
- Defendant has refused to pay any amount whatsoever for the damage sustained to the covered property.

- The covered property sustained damage due to windstorm and/or tornados, a covered peril under the policy. Pursuant to LSA-R.S. 22:695, since the property is a total loss, Defendant is obligated to compensate Petitioners (sic) for the loss of their (sic) property which occurred during the term of the policy at the valuation used by Defendant to determine the premium charge made under the policy, without deductions or offset. In other words, Petitioners (sic) are entitled to recover the policy limits for their (sic) loss of the covered property.

[Rec. Doc. 1]. Defendant alleges that based on what is set out above, plaintiff's petition essentially asserts a claim with a value in excess of $148,000.00. (*Defendant's Opposition*, p.3). Thus, on June 11, 2007, defendant timely filed a Notice of Removal [Rec. Docs. 1, 5, 6], asserting that this Court has jurisdiction over the matter under 28 U.S.C. § 1332, as the suit is between citizens of different states, and the amount in controversy exceeds $75,000.

On July 13, 2007, plaintiff filed a Motion to Remand [Rec. Doc. 8], alleging that plaintiff's damages will not exceed $75,000.00, exclusive of interests and court costs, therefore this Court lacks subject matter jurisdiction. In support, plaintiff submitted a signed Stipulated Agreement and Affidavit [Rec. Doc. 8-2, Exhibits], in which plaintiff stipulates:

1. Plaintiff's total combined current and future damages arising out of or related to the September 24, 2005 storm claim in question does not and will not exceed Seventy-Five Thousand and no/100 cents $75,000.00, exclusive of interests and costs.

2. Under no circumstances will plaintiff request, accept or enforce the amount of any Judgment in this matter or any other matter against Allstate Insurance Company, arising out of the September 24, 2005 storm claim in excess of Seventy-Five Thousand and no/100 cents ($75,000.00), exclusive of interest and costs.

2

(*Plaintiff's Motion,* attached Exhibit).

Defendant opposes that because the amount in controversy is clear from the face of the petition, and clearly in excess of $75,000.00, the Court should not consider plaintiff's post-removal stipulation purporting to reduce the amount of damages or allow it to deprive the Court of jurisdiction. (*Defendant's Opposition,* p. 3).

## II. STANDARD FOR REMAND

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Doise is a citizen of Louisiana, and Allstate Insurance Company is a foreign insurer "domiciled" in the State of Illinois, for purposes of diversity jurisdiction. (*Notice of Removal* ¶ I - III.) Therefore, the sole issue before the Court on plaintiff's Motion is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999), the Fifth Circuit established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to section 1332(a)(1). The removing defendant has the burden of proof and must show by a preponderance of evidence that the amount in controversy exceeds $75,000. *Id.* at 298. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) "by setting forth the

3

facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount." *Id.* (citing *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

Once jurisdiction in federal district court is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000)(citations omitted). The jurisdictional facts that support removal must be judged at the time of the removal. *Id.* The Fifth Circuit has stated that if it is facially apparent from the state court petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount will not serve to deprive the district court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir.1995).

### III. LAW & ANALYSIS

The Court finds that it is "facially apparent" from plaintiff's state court petition that her alleged claims exceeded $75,000 at the time of removal. In her original complaint [Rec. Doc. 1], plaintiff alleges that defendant is obligated to compensate her and she is entitled to recover for her loss to the extent of the policy limits for the covered property, which is an amount up to $148,000.00, as stated by defendant. (*Defendant's*

*Opposition*, pp. 3-4). Having found that it is facially apparent that plaintiff's state court petition supported federal jurisdiction at the time of removal, the Court can not accept the post-removal Stipulated Agreement signed by plaintiff's counsel and Affidavit signed by plaintiff regarding the amount in controversy.

## IV. CONCLUSION

As the amount in controversy pled in plaintiff's state court petition exceeds $75,000.00, the Court has subject matter jurisdiction over this case as the minimum required amount in controversy for diversity cases is met. Therefore, plaintiff's Motion For Remand [Rec. Doc. 8] will be DENIED.